IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40767
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO PUENTE-VASQUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-141-1
--------------------
March 27, 2002

Before REAVLEY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:[*]

Francisco Puente-Vasquez appeals his jury conviction and his sentence for importing and possessing with the intent to distribute more than 50 kilograms of marijuana, violations of 21 U.S.C. § 841(a)(1), 952(a) & 960(a)(1).  He argues pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) that the evidence was insufficient to establish that he knew the type and quantity of the controlled substance which he imported and possessed and that 21 U.S.C. § 841, 952, and 960 are facially unconstitutional.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Puente argues that <u>Apprendi</u> alters the scienter requirements of 21 U.S.C. § 841(a), 952(a), and 960(a)(1), requiring the Government to prove that he knew the type and quantity of drugs he imported and possessed. We have previously held that these statutes are "specific intent" statutes which require a defendant to have only knowledge that he possessed an illegal drug, not that he know the specific drug he possessed. <u>See</u> <u>United States v. Valencia-Gonzales</u>, 172 F.3d 344, 345-46 (5th Cir. 1999); <u>see also United States v. Restrepo-Granada</u>, 575 F.2d 524, 527 (5th Cir. 1978). <u>Apprendi</u> does not alter this analysis.

Puente's argument that the statutes under which he was convicted are facially unconstitutional in light of <u>Apprendi</u> is, as he concedes, foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 2015 (2001). He raises the issue solely to preserve it for Supreme Court review. This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision. <u>See United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1091 (2000).

AFFIRMED.